UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

KAREN VARRONE.

                     Debtor.
-------------------------------------------------------------X
KAREN A. VARRONE,

                     Appellant,

        -against-

STEPHEN BRADY,

                     Appellee.
-------------------------------------------------------------X

**ORDER**
**11 CV 2199(SJF)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ MAR 30 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.,

On March 22, 2011, appellant Karen Varrone ("appellant") filed in the United States Bankruptcy Court for the Eastern District of New York ("the bankruptcy court") a notice of appeal to this Court from an order of the bankruptcy court (Eisenberg, U.S.B.J.), entered March 15, 2011, denying her motion to avoid liens pursuant to 11 U.S.C. § 522(f). The notice of appeal was transmitted to this Court on May 5, 2011. For the reasons set forth below, the order of the bankruptcy court is affirmed.

I.     BACKGROUND

On or about November 18, 2010, appellant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("the Bankruptcy Code") in the bankruptcy court, case no. 8-10-79044-dte ("the Chapter 7 proceeding"). On or about February 3, 2011, appellant moved pursuant to the United States Bankruptcy Code, 11 U.S.C. § 522(f) ("the 522(f)

1

motion"), to avoid certain recorded liens against her interest in real property located at 84 Parma Road, Island Park, New York, on the basis that the aggregate amount of the recorded liens against her real property, together with the unavoidable encumbrances against the property, impair her fifty thousand dollar ($50,000.00) homestead exemption.

Appellant's brother, Stephen Brady ("Brady"), with whom appellant jointly owned the subject real property, is a secured creditor of appellant by virtue of an interlocutory judgment of partition and sale entered in a partition action he commenced in state court on July 14, 2008 relating to the subject property. Brady holds five (5) of the recorded liens on the property, totaling seventy-five thousand two hundred fifty-five dollars and fifty cents ($75,255.50), based upon the interlocutory judgment of partition and sale of the property and opposed the 522(f) motion on the basis, *inter alia*, that appellant is not entitled to any homestead exemption because as a result of the interlocutory judgment of partition and sale, she only has an interest in one-third (1/3) of the net proceeds of the sale of the property after all of the costs incurred in relation to said sale and all liens have been satisfied.

By order entered March 15, 2011, following a hearing held on February 17, 2011 in which the bankruptcy court found, *inter alia*, that appellant had no proprietary interest in the property as a result of the pre-petition judgment of partition and sale and, therefore, cannot move to avoid the lien on the basis of the homestead exemption, the bankruptcy court denied appellant's 522(f) motion.

On March 22, 2011, appellant filed in the bankruptcy court a notice of appeal to this Court from the March 15, 2011 order of the bankruptcy court. The notice and record on appeal were transmitted to this Court on May 5, 2011 and the appeal was fully briefed as of September

6, 2011.

## II. DISCUSSION

### A. Standard of Review

On an appeal from a bankruptcy court order, a district court must review findings of fact under a "clearly erroneous" standard. Fed. R. Bankr. P. 8013; see In re PCH Associates, 949 F.2d 585, 597 (2d Cir. 1991). Issues of law, on the other hand, are reviewed *de novo*. See In re Vouzianas, 259 F.3d 103, 107 (2d Cir. 2001). Rule 8013 of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that "[o]n an appeal, the district court * * * may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." See In re Bayou Group, LLC, 439 B.R. 284, 296 (S.D.N.Y. 2010); In re Moreo, 437 B.R. 40, 50 (E.D.N.Y. 2010).

### B. 11 U.S.C. § 522(f)

Appellant contends that the bankruptcy court erred in denying her 522(f) motion because, *inter alia*, she did not lose her ownership interest in the real property as a result of the interlocutory judgment of partition and sale and, therefore, was entitled to claim a homestead exemption under state law, N.Y. C.P.L.R. § 5206.

"An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." Owen v. Owen, 500 U.S. 305, 308, 111 S. Ct. 1833, 114 L. Ed.2d 350 (1991). "An exemption is an interest withdrawn from the estate (and

3

hence from the creditors) for the benefit of the debtor." Id. "Section 522 [of the United States Bankruptcy Code] determines what property a debtor may exempt." Id.

Section 522(f)(1) of the Bankruptcy Code provides, in pertinent part, that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section[1], if such a lien is– (A) a judicial lien * * *." Section 522(f)(2) provides, in pertinent part, that "a lien shall be considered to impair an exemption to the extent that the sum of– (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." Section 522(f) "establishes several conditions for a lien to be avoided * * *." Farrey v. Sanderfoot, 500 U.S. 291, 295, 111 S. Ct. 1825, 114 L. Ed. 2d 337 (1991).

"Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property." Farrey, 500 U.S. at 297, 111 S. Ct. 1825. "[I]t was well settled when § 522(f) was enacted that valid liens obtained before bankruptcy could be enforced on exempt property, * * *, including otherwise exempt homestead property." Id. (citations omitted). "Congress generally preserved this principle when it comprehensively revised bankruptcy law with the Bankruptcy Reform Act of 1978, Pub. L. 95-598, 92 Stat. 2587, 11 U.S.C. § 522(c)(2)(A)(i). But Congress

---

[1] Section 522(b)(1) provides, in pertinent part, that "an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." Property listed in paragraph (2) is "property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize[,]" i.e., "unless the State 'opts out' of the federal list." Owen, 500 U.S. at 308. "If a State opts out, then its debtors are limited to the exemptions provided by state law." Id.

also revised the law to permit the debtor to avoid the fixing of some liens." Id. "Section 522(f)(1), by its terms, extends this protection to cases involving the fixing of judicial liens onto exempt property. * * * [A] principal reason Congress singled out judicial liens was because they are a device commonly used by creditors to defeat the protection bankruptcy law accords exempt property against debts." Id. "Congress primarily intended § 522(f)(1) as a device to thwart creditors who, sensing an impending bankruptcy, rush to court to obtain a judgment to defeat the debtor's exemptions." Id. at 301, 111 S. Ct. 1825.

Appellant exercised her option to invoke the state homestead exemption under Rule 5206 of the New York Civil Practice Law and Rules ("Rule 5206")[2], rather than the federal homestead exemption under 11 U.S.C. § 522(b)(2)(A), then sought to avoid Brady's liens under Section 522(f)(1), claiming that Brady possessed judicial liens that impaired her homestead exemption under state law. The parties do not dispute that Brady's liens constitute judicial liens. The issues on appeal, therefore, are: (1) whether appellant was entitled to a homestead exemption under state law; and (2) whether Section 522(f)(1) permits appellant to avoid the fixing of Brady's liens on the property.

---

[2] Rule 5206, in effect as of the date appellant claimed the homestead exemption, provided, in pertinent part, that "[a lot of land with a dwelling thereon], not exceeding fifty thousand dollars in value above liens and encumbrances, *owned* and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price * * *. But no exempt homestead shall be exempt from taxation or from sale for non-payment of taxes or assessments." (emphasis added). "Accordingly, if a debtor possesses equity in a principal residence, that equity, not exceeding $50,000, is exempt from the satisfaction of money judgments and, in the event of bankruptcy, is exempt from property of the debtor's bankruptcy estate." Levinson v. R & E Property Corp., 395 B. R. 554, 557 (E.D.N.Y. 2008) (quotations, alterations and citation omitted).

1. Whether Appellant is Entitled to a Homestead Exemption

At issue is whether, as of the date appellant filed her Chapter 7 petition, she had an interest in the subject property for the purposes of Section 5206.

Initially, Brady's failure to object to appellant's claim to a homestead exemption at any time prior to his opposition to her 522(f) motion does not affect his right to challenge the validity of appellant's claimed homestead exemption. See Fed. R. Bankr. P. 4003(d) ("Notwithstanding [a failure to object to a claim of exemptions], a creditor may object to a motion filed under § 522(f) by challenging the validity of the exemption asserted to be impaired by the lien.")

Since New York "has opted out of the federal exemptions as allowed pursuant to 11 U.S.C. § 522(b) and N.Y. Debt. & Cred. Law[] § 284 (McKinney's 2001) * * * New York law governs claims for exemptions relating to real and personal property of the Debtor's bankruptcy estate." In re Martinez, 392 B.R. 530, 531 (Bankr. E.D.N.Y. 2008); see also In re Rasmussen, 456 B.R. 1, 2 (E.D.N.Y. 2011) (holding that New York's homestead exemption statutes applied because New York has opted out of the exemptions listed in the federal Bankruptcy Code); In re Corio, 190 B.R. 498, 499-500 (E.D.N.Y. 1995) (holding that pursuant to N.Y. Debt. & Cred. Law § 284, "New York debtors are prohibited from applying the federal exemptions of Bankruptcy Code § 522(d), which includes the federal homestead exemption. Instead, th[o]se debtors must look to the exemptions set forth in [N.Y. Debt. & Cred. Law] § 282[³] [which], in turn, incorporates the New York homestead exemption under CPLR § 5206(a)(1).")

---

³ Section 282 of New York Debtor and Creditor Law provides, in pertinent part, that "[u]nder section five hundred twenty-two of title eleven of the United States Code, * * * an individual debtor domiciled in this state may exempt from the property of the estate, to the extent permitted by subsection (b) thereof, only (i) personal and real property exempt from application to the satisfaction of money judgments under section[] * * * fifty-two hundred six of the civil practice law and rules, * * *."

"Exemption statutes are to be construed liberally in the favor of a debtor," In re Moulterie, 398 B.R. 501, 504 (Bankr. E.D.N.Y. 2008); see also KLC, Inc. v. Trayner, 426 F.3d 172, 176 (2d Cir. 2005) ("[I]n order to effectuate the purpose of exemptions, such laws are to be liberally construed in favor of the debtor."), and "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). "When determining the allowance of an exemption, a court must consider the circumstances as they existed on the petition date." In re Moulterie, 398 B.R. at 505.

"In order to be entitled to a homestead exemption, N.Y. C.P.L.R. § 5206 requires evidence of two things: an ownership interest in real property and residency by the Debtor in that property." In re Martinez, 392 B.R. at 531; see also In re Hopkins, 346 B.R. 294, 306 (Bankr. E.D.N.Y. 2006) (finding that New York's homestead exemption was unavailable to the debtor because she had only a possessory interest in the property and New York law required the existence of an ownership interest as well). Appellant's occupancy of the property is not in dispute, only her ownership interest, if any, in the property.

"Property interests are created and defined by state law." Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979); see also Stern v. Marshall, — U.S. —, 131 S. Ct. 2594, 2616, 180 L. Ed. 2d 475 (2011) (accord). Thus, whether appellant possessed an ownership interest in the property as of the date she filed the bankruptcy petition is a question of state law. See Farrey, 500 U.S. at 299, 111 S. Ct. 1825; see also Musso v. Ostashko, 468 F.3d 99, 105 (2d Cir. 2006) ("Whether the debtor has a legal or equitable interest in property * * * is determined by applicable state law.")

"Nothing in Section 5206 specifies what type of ownership interest is required to exempt

a particular piece of real property, and 'ownership' is not defined in New York's statutes." In re Rasmussen, 456 B.R. at 2. However, Black's Law Dictionary defines "ownership" as "[t]he bundle of rights allowing one to use, manage, and enjoy property, including the right to convey it to others." Black's Law Dictionary (9th ed. 2009).

Under New York state law, appellant's ownership interest in the subject property was effectively extinguished by the interlocutory judgment of partition and sale insofar as, *inter alia*, she no longer had any right to control the conveyance or disposition of the property. Section 915 of the New York Real Property Actions and Proceedings Law provides that the interlocutory judgment of partition "shall determine the right, share or interest of each party in the property * * *. Where the property * * * is so circumstanced that a partition thereof cannot be made without great prejudice to the owners, the interlocutory judgment * * * shall direct that the property * * * be sold at public auction. * * *." Thus, following entry of the interlocutory judgment in a partition action, the New York Real Property Actions and Proceedings Law provides only two options: (1) actual partition of the property or (2) partition by sale. See N.Y. R.P.A.P.L. §§ 915, 921(1) ("The Commissioners designated by the interlocutory judgment shall *forthwith* proceed to make partition as directed by said judgment * * *.") Since the interlocutory judgment of partition in this case directed a partition by judicial sale; appointed a court officer to conduct the sale and collect and distribute the proceeds thereof; and gave that officer the sole power to convey the premises to the purchasers at the judicial sale, appellant effectively lost any proprietary interest in the premises and merely retained an equitable interest in a portion of the proceeds from the sale of the premises.

Although judicial sales of property pursuant to an interlocutory judgment of partition are

different than judicial sales pursuant to a judgment of foreclosure and sale insofar as, *inter alia*, the parties in a partition action do not retain equity of redemption, see N.Y. R.P.A.P.L. § 1352, the Second Circuit's holding in In re Rodgers, 333 F.3d 64 (2d Cir. 2003), which involved a tax foreclosure proceeding, is instructive. In Rodgers, the Second Circuit held: (1) that under New York law, it is the sale of property at auction, rather than the subsequent conveyance of the deed to the purchaser, that extinguishes the debtor's interests in the foreclosed property, "unless a right to redeem exists," id. at 66-8; and (2) "once the ability to redeem has been lost pre-petition, the foreclosed property sold at public sale is no longer property of the [bankruptcy] estate * * *," id. at 68; (3) that "the critical inquiry is whether [the debtor] had, under state law, any legal or equitable interest that survived the auction," id.; and (4) that the "foreclosure sale effectively cut off [the debtor's] legal title in the foreclosed premises," notwithstanding that the debtor may have retained some incidents of ownership between the time of the sale and the delivery of the deed, *e.g.*, "a limited right of possession," id. Thus, it is clear from the Rodgers Court's holding that the operative event was the termination of the debtor's equity of redemption, i.e., the right to recover the property before the foreclosure sale. Until such time that the debtor's equity of redemption was extinguished, the debtor retained some control over the disposition of the property. Once the equity of redemption was lost, and the debtor then lost any control over the disposition of the property, so, too, was the debtor's ownership interest in the property.

Since an interlocutory judgment of partition and sale does not involve the equity of redemption, it is not the judicial sale of the real property that terminates the debtor's ownership interest in the property because in partition actions, the parties' ownership interest in the property is effectively cut off at a much earlier point in time than the judicial sale, i.e., upon entry of the

interlocutory judgment of partition and sale. That is the point in time when the parties lose any right to control the conveyance or disposition of the property, which right, in this case, was given exclusively to the officer appointed by the court. Thus, in a partition action, unlike a foreclosure action, it is the entry of the interlocutory judgment of partition and sale which extinguishes the parties' ownership interests in the real property. Since appellant's ownership interest in the real property was terminated upon the pre-petition entry of the interlocutory judgment of partition and sale, and subsequent pre-petition amendments and/or supplements thereto, the subject real property was no longer property of the estate subject to the homestead exemption, notwithstanding appellant's retention of a limited right of possession of the property until the sale. Accordingly, the bankruptcy judge correctly found that appellant has no proprietary interest in the property and, therefore, cannot move to avoid Brady's liens on the basis of New York's homestead exemption.

2. Whether Section 552(f)(1) Permits Appellant to Avoid Brady's Liens

Section 522(f)(1) "permit[s] the avoidance of a lien only where the lien attached to the debtor's interest at some point after the debtor obtained the interest." Farrey, 500 U.S. at 296, 111 S. Ct. 1825. Section 522(f)(1) "does not say that the debtor may undo a lien on an interest in property. Rather, the statute expressly states that the debtor may avoid 'the fixing' of a lien on the debtor's interest in property." Id.

Brady obtained the liens not to defeat appellant's interest in the homestead but to protect his own pre-existing interests in the homestead and the state court awarded the liens to secure an obligation that that court had imposed upon appellant in relation to the homestead. See, e.g.

Farrey, 500 U.S. at 301, 111 S. Ct. 1825. Thus case does not involve a creditor who, sensing an impending bankruptcy, rushed to court to obtain a judgment to defeat appellant's homestead exemption. See id. Rather, Brady had commenced the partition action more than two (2) years prior to appellant's filing of the bankruptcy petition; an interlocutory judgment of partition and sale, as amended and/or supplemented, was entered pursuant to which, *inter alia*, Brady obtained the judicial liens which appellant seeks to avoid; and appellant commenced the bankruptcy proceeding on the eve of the closing of the judicial sale by the court officer. Thus, appellant seeks to use the homestead exemption as a sword rather than as the shield for which it is intended. "[T]o permit a debtor in these circumstances to use the [Bankruptcy] Code to deprive a [creditor] of this protection would neither follow the language of the statute nor serve the main goal it was designed to address."[4] Id. Accordingly, the bankruptcy judge's denial of appellant's 522(f) motion is affirmed.

III.  CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is affirmed.

**SO ORDERED.**

s/ Sandra J. Feuerstein

---
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 30, 2012
Central Islip, New York

---

[4] In light of this determination, it is unnecessary to consider the parties' remaining contentions.

11